UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALAMEEN ADAMS,

               Plaintiff,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, *et. al.*,

               Defendants.

Civ. Action No. 21-12482 (JXN) (CLW)

**OPINION**

<u>**NEALS**</u>, District Judge:

This matter comes before the Court on the motion to dismiss (ECF No. 7) filed by Defendants New Jersey Department of Corrections, Northern State Prison, Patrick Nogan, Marcus O. Hicks, and Warren Zalme (collectively, "Defendants"). Defendants seek to dismiss all claims against Defendants acting in their official capacity pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Alameen Adams ("Plaintiff") opposes Defendants' Motion. (ECF No. 10). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons stated herein, Defendants' Motion to Dismiss (ECF No. 7) is **GRANTED**.

**I. BACKGROUND**[1]

On July 28, 2019, Plaintiff was incarcerated at the New Jersey Department of Corrections ("NJDOC") facility at Northern State Prison ("NSP"). (ECF No. 1, Complaint ("Compl.") at ¶ 10.)

---

[1] For the purposes of this Motion to Dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

During that time, Defendant Marcus O. Hicks ("Hicks") was the Commissioner or Acting Commissioner of the NJDOC (*Id.* at ¶ 6); Defendant Patrick Nogan ("Nogan") was the Administrator of the NSP (*Id.* at ¶ 7); and Defendant Warren Zalme ("Zalme") was a corrections officer on duty at NSP (*Id.* at ¶ 5.)

In the Complaint, Plaintiff alleges that while he was incarcerated at NSP, Defendants Christian Underwood, Zalme, and John Does I-III committed an "assault and battery, unauthorized touching or other improper conduct upon Plaintiff." (*Id.* at ¶ 11.) As a result, Plaintiff seeks to recover damages for Defendants' failure to properly hire, train, supervise and disciple corrections officers, among other claims. (*Id.* at ¶ 13.)

Plaintiff, who is represented by counsel, initially filed his nine-count Complaint in Essex County Superior Court on March 29, 2021. Defendants NJDOC removed this matter on June 14, 2021. (*See* ECF No. 1, Notice of Removal.) In Count I, brought pursuant to New Jersey Tort Claims Act ("NJTCA"), the Complaint alleges claims of assault and battery against Defendants Underwood, Zalme, and/or John Does I-III. (*Id.* at ¶¶ 18-24.) In Counts II, III, and IV, brought pursuant to the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-1 and 2, et seq., the Complaint alleges violations of the New Jersey constitution against Defendants Hicks, Nogan, Underwood, Zalme, and John Does I-VI. (*Id.* at ¶¶ 25-52.) In Counts V, VI, and VII, brought pursuant to 42 U.S.C. § 1983, the Complaint alleges Plaintiff's First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated by Defendants Hicks, Nogan, Underwood, Zalme, and John Does I-VI. (*Id.* at ¶¶ 53-87.) In Counts VIII and IX, brought pursuant to NJTCA, the Complaint alleges claims of negligence and intentional infliction of emotion distress against Defendants Hicks, Nogan, Underwood, Zalme, and John Does I-VI. (*Id.* at ¶¶ 88-107.) The

Complaint raises claims against all Defendants in their individual and official capacity. (*Id.* at ¶¶ 2-9.) Plaintiff seeks monetary damages. (*Id.*, Counts I-IX.)

The New Jersey Office of Attorney General filed the motion to dismiss on behalf of Defendants NJDOC, NSP, Nogan, Hicks, and Zalme. (ECF No. 7.) However, Plaintiff responded noting, among other things, that motioning counsel had only entered an appearance on behalf Defendants NJDOC and Nogan. (ECF No. 10 at 1-2.) Following, Plaintiff's response, the New Jersey Office of Attorney General entered its appearance on behalf of Defendants NSP, Hicks, and Zalme.[2] (ECF No. 11.) The motion is now briefed and ready for disposition.

## II. LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the ... claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Stated differently, the allegations in

---

[2] Defendant Christian Underwood remains unrepresented. Although the motion to dismiss includes Defendant Underwood in its discussion, the Court will not consider the motion as it pertains to Defendant Underwood as counsel had not entered an appearance on the record on behalf of Defendant Underwood.

the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

## III. DISCUSSION

In support of their motion to dismiss, Defendants submit two arguments. First, Defendants argue that Plaintiff's NJCRA and Section 1983 claims must be dismissed as to Defendants Hicks, Nogan, and Zalme because they were acting in their official capacity and are not "persons" subject to liability under the statute. Second, Defendants argue that Plaintiff's NJTCA claims must be dismissed as to Defendants acting in their official capacity because state entities are immune from liability for intentional torts. The Court addresses these arguments in turn.

### A. Claims under New Jersey Civil Rights Act and Section 1983 (Counts II – VII)

Defendants seek to dismiss counts two through seven of the Complaint against Defendants Hicks, Nogan, and Zalme in their official capacity.[3] (*See* ECF No. 7-1 at 3-5.) Defendants assert that they are not "persons" subject to liability under NJCRA or § 1983. (*Id.*)

---

[3] The motion to dismiss also indicates that it seeks dismissal of official capacity claims against Defendants New Jersey Department of Corrections and Northern State Prison. However, the Court has reviewed the Complaint, and finds there are no claims explicitly raised against these two Defendants. While the New Jersey Department of Corrections and Northern State Prison are named in the caption of the Complaint and in the party section of the Complaint, the counts do not name these Defendants or raise particular claims against them. As such, there are no existing individual claims against the New Jersey Department of Corrections or Northern State Prison to dismiss.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983, in relevant part, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

It is well-established that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. Nevertheless, a plaintiff may bring a § 1983 claim against a state actor in his or her personal capacity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.* As the Supreme Court has explained:

> *Will* itself makes clear that the distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device. State officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them. By contrast, officers sued in their personal capacity come to court as individuals. A government official in the role of personal-capacity defendant thus fits comfortably within the statutory term "person."

---

The Court declines to review Defendants' motion to dismiss as to these Defendants as they are not plead in any of the Counts in the Complaint.

5

*Id.* at 27. "In determining whether [a plaintiff has sued an official] in her personal capacity, official capacity, or both, [courts] . . . look to the complaints and the course of proceedings." *Hafer v. Melo*, 912 F.2d at 635 (3d Cir. 1990), aff'd, 502 U.S. 21 (1991) (internal citations and quotations omitted). In addition, although a state actor acting in his or her official capacity cannot be sued for money damages under § 1983, an exception to that general rule permits a plaintiff to seek injunctive relief against state actors in their official capacities. *See Will*, 491 U.S. at 92.

Here, the Complaint raises claims under §1983 and NJCRA in counts two through seven against Defendants Nogan, Hicks, and Zalme in their official capacity for compensatory and punitive damages. (*See* Compl. at ¶¶ 25-87.) Because Plaintiff may not proceed against Defendants in their official capacity for monetary damages, the Court will grant the motion to dismiss the § 1983 and NJCRA damages claims against Defendants Hicks, Nogan, and Zalme in their official capacity only.[4]

### B. Claims Under New Jersey Torts Claims Act (Counts I and IX)

Defendants argue next that Plaintiff's NJTCA claims for assault and battery under count one and intentional infliction of emotional distress under count nine should be dismissed against Defendants Hicks, Nogan, and Zalme in their official capacity. (ECF No. 7-1 at 6-7.)

Defendants argue that a suit against a state official in his official capacity is not a suit against a person, but a suit against the office that person holds. (*Id.*, citing *Will*, 491 U.S. at 71.) Thus, Defendants argue that Plaintiff's claims against Defendants Hicks, Nogan and Zalme in their official capacity in counts one and nine are claims against a public entity. (*Id.*) Moreover, Defendants contend that if Defendants' conduct does constitute assault and battery or intentional

---

[4] The NJCRA is "intended to provide New Jersey citizens with a state analogue to Section [ ] 1983 actions." *Surina v. S. River Bd. of Educ.*, No. 17-2173, 2018 WL 3617970, at *11 (D.N.J. July 30, 2018). For this reason, the Court's analysis regarding Section 1983 applies with equal force to Plaintiff's claims under the NJCRA

6

infliction of emotional distress, those acts would also constitute willful misconduct. (*Id.*) Because public entities are immune from liability for the willful misconduct of their employees, Defendants contend that Plaintiff's claims under count one and count nine against the Defendants in their official capacity are barred by the NJTCA. (*Id.*, citing N.J. Stat. § 59:2-10.)

Plaintiff argues in response that the Supreme Court in *Will* only analyzed official capacity claims under the Section 1983 umbrella, not in the New Jersey tort claims context. (ECF No. 10 at 3.) Therefore, the Supreme Court ruling in *Will*, that an official capacity claim is a claim against the entity, does not apply to official capacity claims under NJTCA. (*Id.*)

While it is true that the Supreme Court in *Will* analyzed official capacity claims in the context of Section 1983, official capacity is a pleading tool that provides another way in which to plead a claim against an entity and is not specific to the civil rights context. The Supreme Court in *Hafer* discussed the distinction between personal and official capacity suits as follows:

> In *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d (1985), the Court sought to eliminate lingering confusion about the distinction between personal- and official-capacity suits. We emphasized that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.*, at 165, 105 S.Ct., at 3104 (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978)). Suits against state officials in their official capacity therefore should be treated as suits against the State. 473 U.S., at 166, 105 S.Ct., at 3105. Indeed, when officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation. *See* Fed. Rule Civ. Proc. 25(d)(1); Fed. Rule App. Proc. 43(c)(1); this Court's Rule 35.3. Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham*, *supra*, at 166, 105 S.Ct., at 3105 (quoting *Monell*, *supra*, 436 U.S., at 694, 98 S.Ct., at 2037). For the same reason, the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses. 473 U.S., at 167, 105 S.Ct., at 3105.

7

502 U.S. at 25. The Supreme Court in *Will* reviewed the pleading device of an official capacity claim to determine if the underlying entity, the State, was a "person" in a § 1983 civil rights context. 491 U.S. at 64-70. The personhood discussion in *Will* was specific to § 1983, not the official capacity pleading device. *See generally*, 491 U.S. 58.

As such, the Court agrees with Defendants' argument that Plaintiff's NJTCA official capacity claims against Hicks, Nogan, and Zalme in counts one and nine are actually claims against a public entity. *See Gretzula v. Camden County Technical Schools Bd. Of Educ.*, 965 F.Supp.2d 478 (D.N.J. 2013) (finding that because the Board of Education is a public entity and the individual defendant was sued in his official capacity, the NJTCA applied to Plaintiff's IIED claim.) The question now turns on whether these two counts amount to willful misconduct under NJTCA, which would shield the public entity for liability.

Under the NJTCA, "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." *Hoag v. Brown*, 935 A.2d 1218, 1230 (N.J. Super. Ct. App. Div. 2007) (citing N.J. Stat. Ann. § 59:2-10). "Thus, there can be no vicarious liability by a public entity for intentional torts committed by its employees; that is, with respect to such intentional torts, the theory of respondeat superior does not apply." *Id.*; *see also Ward v. Barnes*, 545 F. Supp. 2d 400, 420–21 (D.N.J. 2008) (holding that there is no legal basis under N.J. Stat. Ann. § 59:2-10 for permitting respondeat superior liability to public entities on the theories of battery and intentional infliction of emotional distress).

In count one of the Complaint, Plaintiff raises claims of assault and battery under NJTCA against Defendant Zalme in his official capacity. In count nine of the Complaint, Plaintiff raises NJTCA intentional infliction of emotional distress ("IIED") against Defendants Hicks, Nogan, and Zalme in their official capacity. As explained above, an official capacity claim is a claim against

the underlying state or state agency. A public entity is not liable for the acts of its' employee constituting willful misconduct. *Hoag*, 935 A.2d at 1230.

Assault and battery are intentional torts in New Jersey. A person is subject to liability for the common law tort of assault if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." *Wigginton v. Servidio*, 324 N.J.Super. 114, 129, 734 A.2d 798 (App.Div.1999) (quoting Restatement (Second) of Torts § 21 (1965)). The tort of battery rests upon a nonconsensual touching. *Perna v. Pirozzi*, 92 N.J. 446, 461, 457 A.2d 431 (1983). As Plaintiff's state law claims for assault and battery are based on alleged intentional conduct, the state or state agency cannot be liable for this intentional conduct under the NJTCA. *See* N.J. State. Ann. 59:2-10. Accordingly, Defendant Zalme's motion to dismiss is granted as to count one against Defendant Zalme in his official capacity. *See e.g., Merman v. City of Camden*, 824 F. Supp. 2d 581 (D.N.J. 2010) (dismissing assault and battery claims premised on intentional conduct as precluded by NJTCA); *see also Ward v. Barnes*, 545 F. Supp. 2d 400, 420–21 (D.N.J. 2008) (holding that there is no legal basis under N.J. Stat. Ann. § 59:2-10 for permitting respondeat superior liability to public entities on the theories of battery and intentional infliction of emotional distress, which are acts that require "actual malicious or willful misconduct").

Intentional infliction of emotional distress is also an intentional tort, therefore, any claim against the state or state agency, must be dismissed because the state agency cannot be vicariously liable for IIED. *See Pinson v. Perera*, 2020 WL 3542383, at *5 (D.N.J. June 30, 2020) (dismissing plaintiff's IIED claim against NJDOC). The Court grants Defendants' motion to dismiss the IIED claims raised in count nine against Defendants Hicks, Nogan, and Zalme in their official capacity.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 7-1) is **GRANTED** and the following claims are dismissed:

- Plaintiff's § 1983 civil rights and New Jersey civil rights claims in Counts II through VII are dismissed with prejudice against Defendants Hicks, Nogan, and Zalme in their official capacity;

- Plaintiff's New Jersey Tort Claims Act claim for assault and battery in Count I is dismissed with prejudice against Defendant Zalme in his official capacity; and

- Plaintiff's New Jersey Tort Claims Act claim for intentional infliction of emotional distress in Count IX is dismissed with prejudice against Defendants Hicks, Nogan, and Zalme in their official capacity.

An appropriate Order accompanies this Opinion.


DATED: May 5, 2022

s/ Julien Xavier Neals
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE